UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMALL S. BAKER,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-CV-5893-JLR-DWC<br><br>ORDER DECLINING TO SERVE COMPLAINT |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Jamall S. Baker, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by January 6, 2025, to cure the deficiencies identified herein.

**I.     Background**

In the Complaint, Plaintiff, an inmate housed at the Monroe Correctional Complex -SOU, alleges Defendants State of Washington Department of Corrections, Renee Ryburn, Calvin

ORDER DECLINING TO SERVE COMPLAINT - 1

Cogburn, and John Doe failed to provide Plaintiff with the proper medical care and accommodations for his Anoxic Brain Injury. *See* Dkt. 4-2. Plaintiff contends the defendants violated his federal constitutional rights and his rights under the Americans with Disabilities Act ("ADA"). *Id*. He also alleges state law tort claims. *Id*.

## II.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

*Failure to State a Claim.* First, Plaintiff alleges Defendants violated his rights under the ADA. *See* Dkt. 4-2. "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132. Plaintiff fails to provide sufficient factual allegations showing he was denied benefits because of a disability. Plaintiff also fails to explain how the named Defendants were responsible for the alleged ADA violations. As conclusory

allegations are not sufficient to state a claim, Plaintiff has failed to state an ADA claim against Defendants. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiff also alleges Defendants violated his constitutional rights under § 1983. Dkt. 4-2. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff again fails to clearly allege facts that show his rights were violated by the defendants. Plaintiff merely makes conclusory assertions related to his medical needs. *See id.* This is not sufficient to support his claims. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are

not sufficient to state section 1983 claims). In sum, Plaintiff does not allege sufficiently specific facts related to Defendants' conduct and, therefore, fails to state a claim upon which relief can be granted.

*Improper Defendant*. Plaintiff names the Washington State Department of Corrections ("DOC") as a Defendant. Dkt. 4-2. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a §1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under §1983.

*Statute of Limitations*. Plaintiff alleges the allegations giving rise to this case occurred beginning 2020. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

ORDER DECLINING TO SERVE COMPLAINT - 4

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations contained in the Complaint, Plaintiff had actual notice of the facts related to the claims alleged in this lawsuit in 2020. *See* Dkt. 4-2; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Plaintiff did not initiate this lawsuit until October 18, 2204. Therefore, the Complaint appears to be untimely. Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 4-2. Accordingly, Plaintiff must show cause why this case should not be dismissed as barred by the statute of limitations.

### III.  Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The

Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before January 6, 2025, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 5th day of December, 2024.

David W. Christel
United States Magistrate Judge