UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMALL S. BAKER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:24-CV-5893-JLR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 27, 2025 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Jamall S. Baker, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state an Eighth Amendment claim against Defendant Renee Pyburn and has failed to allege an Americans with Disabilities Act ("ADA") claim against the Washington State Department of Corrections ("DOC"). Plaintiff has also not alleged any claims against Defendant Tim Lang. As Plaintiff has not stated a federal claim, the undersigned recommends the Court decline supplemental jurisdiction over Plaintiff's state law claim. Accordingly, the undersigned recommends the Amended Complaint be dismissed and this case be closed.

REPORT AND RECOMMENDATION - 1

I.  **Background**

In the Amended Complaint, Plaintiff, an inmate housed at the Monroe Correctional Complex -SOU, alleges Defendants DOC, Renee Pyburn, and Tim Lang failed to provide Plaintiff with the proper medical care and accommodations for his Anoxic Brain Injury. *See* Dkt. 9. Plaintiff contends Defendants violated his federal constitutional rights and his rights under the ADA. *Id*. He also alleges a state law tort claim. *Id*.

II.  **Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A.  *Deliberate Indifference to Serious Medical Need*

First, Plaintiff alleges Defendant Pyburn acted with deliberate indifference to Plaintiff's serious medical need. Dkt. 9 at 4-6. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

REPORT AND RECOMMENDATION - 2

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Hutchinson*, 838 F.2d at 394. The Court also recognizes differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen

course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id*. (*citing Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Here, Plaintiff alleges he requested medical care for his brain injury. Dkt. 9. He states Defendant Pyburn notified him that the DOC does not treat or have a protocol to treat individuals with brain injuries. *Id*. at 5. Plaintiff contends Defendant Pyburn agreed to treat Plaintiff's impulse control and emotional regulation issues with Wellbutrin. *Id*. However, "a week or so later," Defendant Pyburn notified Plaintiff that, based on DOC protocols, she could not prescribe Wellbutrin. *Id*. at 6. Defendant Pyburn then prescribed a blood pressure medication that might help Plaintiff concentrate. *Id*. Plaintiff felt the medication interfered with his ability to study and stopped taking it. *Id*. Plaintiff also alleges Defendant Pyburn failed to respond to his medical kites. *Id*.

Plaintiff's allegations fail to state a deliberate indifference claim. The allegations show Defendant Pyburn provided Plaintiff with treatment options and, when she could not provide him with a specific medication, she prescribed an alternative medication. Plaintiff did not like the side effects of the medication and stopped taking it. At most, Plaintiff seems to disagree with Defendant Pybrun's treatment decisions, which is insufficient to state a deliberate indifference claim. And, while Plaintiff states Defendant Pyburn did not respond to his medical kites, he has not alleged she received the kites and acted with deliberate indifference in failing to respond to the medical kites. In sum, there are no allegations in the Amended Complaint that show Defendant Pyburn was acting with deliberate indifference to Plaintiff's serious medical needs. Therefore, Plaintiff has failed to state an Eighth Amendment claim against Defendant Pyburn.

REPORT AND RECOMMENDATION - 4

B.   *ADA Violation*

Second, Plaintiff alleges Defendants violated his rights under the ADA. *See* Dkt. 9. "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132.

Plaintiff alleges the DOC violated the ADA because it denied him treatment for his disability. Dkt. 9 at 7.[1] "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners .... The ADA does not create a remedy for medical malpractice.")). "The Ninth Circuit has held it is not discrimination under the ADA to deny treatment inextricably linked to a plaintiff's disability because a plaintiff is not 'otherwise qualified' to receive those services." *Evans v. City of San Diego*, 2024 WL 3907046, at *4 (S.D. Cal. Aug. 22, 2024); *see O'Guinn v. Nev. Dep't of Corr.*,

---

[1] The Court notes that Plaintiff references he is entitled to receive rehabilitation and education classes. Dkt. 9 at 7. However, Plaintiff has not provided any allegations to support these bare assertions despite being given notice of the deficiencies. Additionally, the Amended Complaint references that Plaintiff is a college student. *See id.* at 6. Therefore, the Amended Complaint belies Plaintiff's contention that he has been denied education classes. Furthermore, the basis of Plaintiff's ADA claim is the DOC's failure to treat his disability (Anoxic Brain Injury), not the lack of access to rehabilitation and education classes.

REPORT AND RECOMMENDATION - 5

468 Fed. App'x. 651, 653 (9th Cir. 2012) (holding the ADA does not apply to claims that a detainee "was discriminatorily denied mental health treatment because of his mental health disability"). Plaintiff claims he was discriminatorily denied treatment for his brain injury because the DOC does not treat brain injuries. In essence, Plaintiff is alleging he is being denied treatment for his disability because of his disability. He only needs the treatment because he is disabled. As such, Plaintiff has failed to state an ADA claim. *See O'Guinn*, 468 F. App'x at 653.

    C.    *Personal Participation*

Plaintiff names Tim Lang as a defendant. Dkt. 9. However, in the Complaint, Plaintiff does not explain what actions Defendant Lang took or failed to take which violated his rights. Rather, Plaintiff appears to sue Defendant Lang because he is the Secretary of the DOC. Defendant Lang cannot be held liable under a theory of supervisory liability under § 1983. *See Harris*, 489 U.S. at 385-90 (a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Lang.

    D.    *State Law Claim – Negligence*

Plaintiff also asserts a state law claim for the tort of negligence against Defendant Pyburn. Dkt. 8 at 8-9. A district court may exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)); *Artis v. District of Columbia*, 583 U.S. 71 (2018). However, "[w]hen district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis*, 583 U.S. at 74. *See also Acri v. Varian Assocs., Inc.*, 114

F.3d 999, 1001 (9th Cir. 1997) (suggesting that a district court may, but need not, decide *sua sponte* whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

As stated above, the Court finds Plaintiff has failed to state any federal claim and recommends dismissal of those claims. The remaining claim is based solely in state law, and the state courts will therefore be more familiar with the law governing Plaintiff's negligence claim. As there are no federal claims remaining, the Court finds it appropriate to decline the exercise of supplemental jurisdiction over the remaining state law claim.

### III.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under §1983 or the ADA. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkt. 6. As Plaintiff has had an opportunity to amend his complaint and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

REPORT AND RECOMMENDATION - 7

IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state an Eighth Amendment claim against Defendant Pyburn and has failed to allege an ADA claim against the DOC. Plaintiff has also failed to allege a claim against Defendant Lang. No federal claims remain in this case; therefore, the undersigned recommends the Court decline supplemental jurisdiction over Plaintiff's state law claim. Further, as Plaintiff has failed to state a claim upon which relief can be granted, the Court finds this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). Accordingly, the undersigned recommends the Amended Complaint be dismissed and this case be closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 27, 2025**.

Dated this 6th day of February, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8