UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL S. BAKER,

Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

CASE NO. C24-5893JLR-DWC

ORDER

## I. INTRODUCTION

Before the court is United States Magistrate Judge David W. Christel's report and recommendation, in which he recommends that the court dismiss without prejudice Plaintiff Jamall S. Baker's amended complaint. (RR (Dkt. # 10); *see also* Am. Compl. (Dkt. # 9).) Objections to the report and recommendation were due on February 20, 2025. (*See generally* RR.) Mr. Baker untimely filed objections on February 27, 2025. (Objections (Dkt. # 13).) Due to a clerical error, however, Mr. Baker's objections were

not entered until March 6, 2025. (*See id.*) On February 28, 2025, the court issued an order adopting the report and recommendation. (2/28/25 Order (Dkt. # 11).)

The court exercises its discretion to consider Mr. Baker's untimely objections and thus vacates its February 28, 2025 order. *Cf. Lambert v. Dennis*, 737 Fed. App'x 3544, 355 (9th Cir. 2018) (noting that a district court has discretion to strike untimely objections to a report and recommendation). Having reviewed the report and recommendation, Mr. Baker's objections and other submissions, the relevant portions of the record, and the governing law, the court ADOPTS Magistrate Judge Christel's report and recommendation and DISMISSES Mr. Baker's amended complaint without prejudice.

## II. ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objecting party must file "specific written objections" to the magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b) (same). In so doing, the district court need not "explicitly address" a party's objections unless the objections raise issues that were not discussed in the

magistrate's recommended disposition. *United States v. Ramos*, 65 F.4th 427, 435-37 (9th Cir. 2023).  If a district court overrules filed objections that do not involve new issues, the court need only "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *Id.* at 433.

In the report and recommendation, Magistrate Judge Christel determined that Mr. Baker's allegations failed to state a claim under the Eighth Amendment and the ADA. (RR at 4-5.)  Magistrate Judge Christel then recommended that the court decline to exercise supplemental jurisdiction over Mr. Baker's remaining state law claim and dismiss Mr. Baker's complaint without prejudice. (*Id.* at 6-8.)  Mr. Baker makes two objections to the report and recommendation.  First, he objects that he suffers from a brain injury and struggles at times to articulate himself, and thus needs additional time to retain counsel "at his cost" to speak on his behalf. (Objections at 1-2.)  The court, however, has no difficulty understanding Mr. Baker's amended complaint and objections, and Mr. Baker does not appear to struggle to articulate himself in writing.  Furthermore, Mr. Baker, who is proceeding *in forma pauperis*, has not indicated how he will be able to obtain counsel or when that might occur.

Second, Mr. Baker objects that the report and recommendation "misinterpreted" his amended complaint as to his allegations of deliberate indifference to a serious medical need. (*Id.* at 2.)  Specifically, Mr. Baker argues that his amended complaint alleged that he submitted medical kites, *i.e.*, written requests for medical attention, to Defendants, and that Defendants refused to respond. (*Id.* at 2-3.)  In support, Mr. Baker included a single

medical kite, dated August 20, 2024, with his objections. (*Id.* at Ex. 2.) Although the kite is partially illegible, it includes a response to Mr. Baker's request under "health services response/encounter." (*Id.*) The response indicates that a request was sent out on Mr. Baker's behalf and assures Mr. Baker that he will be informed of the decision. (*Id.*)

Accordingly, Mr. Baker's objections do not provide a basis to reject or modify Magistrate Judge Christel's recommended disposition. To the contrary, Mr. Baker's objections support that (1) Defendants did not ignore his requests for medical treatment, and (2) Mr. Baker failed to state a claim for deliberate indifference to a serious medical need under the Eighth Amendment. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

## III. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The court VACATES its February 28, 2025 order (Dkt. # 11);

2. The court OVERRULES Mr. Baker's objections (Dkt. # 13);

3. The court ADOPTS Magistrate Judge Christel's report and recommendation (Dkt. # 10) in its entirety;

4. The court DISMISSES Mr. Baker's amended complaint without prejudice. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g); and

//

//

//

5. The court DIRECTS the Clerk to send copies of this order to the parties and to Magistrate Judge David W. Christel.

Dated this 7th day of March, 2025.

JAMES L. ROBART
United States District Judge